IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**FEDERAL DEPOSIT INSURANCE CORPORATION,**

    **Plaintiff,**

**v.**                                              **CASE NO. 5:12-cv-398-RS-GRJ**

**GREG M. BRUDNICKI, et al.,**

    **Defendants.**
_____/

## ORDER

Before me are Defendants' Motion to Dismiss, Strike, or for More Definite Statement (Doc. 3) and Plaintiff's Response (Doc. 5).

### Standard of Review

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984). I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint consisting labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## Background

Plaintiff Federal Deposit Insurance Corporation ("FDIC") filed a two-count complaint against eight former directors of Peoples First Community Bank ("Peoples First") for over $40 million in damages for alleged malfeasance of their duties as directors in approving eleven specific commercial real estate credit transactions. In its capacity as receiver for Peoples First, the FDIC seeks to recover for negligence under Florida law (Count I) and gross negligence under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") (Count II). The FDIC alleges that Defendants approved the credit transactions in violation of bank and regulatory policies without sufficient underwriting, appraisals, and valuations by approving credit for borrowers and guarantors who had demonstrable inability to repay. Defendants seek dismissal of the complaint, or alternatively, the striking of all allegations of ordinary negligence and requiring the FDIC to provide a more definite statement concerning ten out of the eleven loans at issue and each Defendant's role in each transaction.

## Analysis

*Count I – Ordinary Negligence*

Count I is based on § 607.0830(1) of the Florida Statutes, which imposes an ordinary negligence standard of care on corporate directors. Specifically, it provides that

> (1) A director shall discharge his or her duties as a director, including his or her duties as a member of a committee:
>
> (a) In good faith;
>
> (b) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
>
> (c) In a manner he or she reasonably believes to be in the best interests of the corporation.

The FDIC relies on this section to impose liability on Defendants. However, Defendants point to the very next section, which provides that directors are not personally liable for their votes, decisions, or failures to act except in limited circumstances. The only circumstance relevant to this action provides that a director is not liable unless he exhibits "conscious disregard for the best interest of the corporation, or willful misconduct." Fla. Stat. § 607.0831(1)(b)(4). As our sister court recently held, clearly this statute conditions director liability on something beyond ordinary negligence, so Count I must be dismissed as to all Defendants except Defendant Raymond Powell. *See F.D.I.C. v. Price*, 2:12-cv-148-FTM-99DNF, 2012 WL 3242316, at *2 (M.D. Fla. Aug. 8, 2012).

In addition to serving as a board member, Defendant Powell served as Peoples First's President and Chief Executive Officer from 1991 until its failure. The FDIC argues that he is not entitled to the protection of section 607.0831 because that section insulates only corporate directors, not officers. The language of the statute would seem to make it clear that it only applies to directors. Defendant Powell points out that there is

nothing in the statute that suggests that a director who is also in officer should be deprived if its protection. Interpreting the statute during its infancy,[1] one federal district court found "that the Florida statute insulates corporate directors and officers . . . ." *F.D.I.C. v. Gonzalez-Gorrondona*, 833 F. Supp. 1545, 1556 (S.D. Fla. 1993). Also, in a case where the statute did not apply, the Eleventh Circuit stated in a footnote that "[t]he Florida legislature passed Fla. Stat. § 607.1645 (1987), presently codified at Fla. Stat. §§ 607.0830, 607.0831 (1989), to afford corporate officers and directors greater protection from liability." *F.D.I.C. v. Stahl*, 89 F.3d 1510, 1516 (11th Cir. 1996).

However, I find that the statute does not afford the same protections to officers as it does to directors. In the very same act that created section 607.1645, the precursor to section 607.0831, the legislature added a section with parallel language to the statute allowing corporations to indemnify officers, directors, employees, and agents. To this section the legislature added, "indemnification or advancement of expenses shall not be made to or on behalf of any director, officer, employee, or agent if a judgment or other final adjudication establishes that his or her actions, or omissions to act, were material to the cause of action so adjudicated and constitute. . . **[w]illful misconduct or a conscious disregard for the best interests of the corporation**." Fla. Stat. §607.014(7)(d) (1987), now codified at Fla. Stat. §607.0850(7)(d) (1989) (emphasis added). The standard to impose director liability was, and remains, "**conscious disregard for the best interest of the corporation, or willful misconduct**." Fla. Stat. § 607.0831(1)(b)(4) (emphasis

---

[1] The statute became effective July 1, 1987. Prior to that time, directors were liable for ordinary negligence. *F.D.I.C. v. Gonzalez-Gorrondona*, 833 F. Supp. 1545, 1555 (S.D. Fla. 1993).

added). These two sections, added by the same legislative act, are clearly related and plainly show that the legislators intentionally differentiated between directors, officers, employees, and agents. Directors can only be liable if there is willful misconduct or conscious disregard for the best interests of the corporation, and the corporation cannot indemnify them in that situation. Officers, employees, and agents may be liable for something less than conscious disregard for the best interests of the corporation or willful misconduct, and can be indemnified by the corporation in that situation. This differentiation is highlighted by the reasoning behind heightening the standard for director liability:

> The Legislature . . . finds that the service of qualified person on the governing boards of corporations . . . is in the public interest and that within reasonable limitations, such persons should be permitted to perform without undue concern for the possibility of litigation arising from the discharge of their duties as policy makers. The Legislature further finds that the case law of the state does not adequately delineate the liability of those serving on governing boards, and that such delineation through the clarification of the appropriate standard of care due an individual and a corporation by a member of a governing board is essential in encouraging the continued service of qualified persons on such governing boards.

1987 Fla. Laws 1686. The Legislature evinced no concerns about finding qualified people to serve as presidents and chief executive officers of corporations, which are

substantially different responsibilities than serving on a board of directors while not a corporate officer. Thus, Defendant Powell is not entitled to the protection of section 607.0831 in his capacity as an officer.

*Count II – Gross Negligence*

Defendants argue that Count II must be dismissed with leave to amend to allege only gross negligence. Defendants argue that throughout the Complaint, the FDIC "has attempted to impose a duty of ordinary care" on them. Doc.3 at 22. They argue that Count II itself alleges a breach of the duty of ordinary care. However, what paragraph 65 of the Complaint actually alleges is that Defendants *owed* a duty of ordinary care; it does not allege a breach of that duty. In any case, it is not the FDIC's privilege to decide what duties were owed by Defendants. For Count II, Defendants will only be held liable if they were grossly negligent. I will apply the gross negligence standard in any dispositive motions, and the jury will receive instructions regarding the gross negligence standard. Defendants need not worry that they will be held to a standard of ordinary negligence.

Defendants next argue that Count II should be dismissed because the FDIC omitted from the Complaint factual allegations about ten of the eleven loans at issue. In the Complaint, the FDIC describes in detail the second transaction at issue, called the "PQH Transaction." Doc. 1 ¶¶ 45-48. Peoples First approved a $12.2 million loan to provide funds for development of 239 single-family homes in Polk County, Florida, with repayment to be made primarily from the proceeds of homes sales. The FDIC details why the transaction should not have been approved, including a loan-to-value ratio that

exceeded the bank's policy's limit, illiquidity of the borrower's assets, and other problems. The FDIC alleges that the PQH Transaction is illustrative of all eleven transactions, and attached to the complaint a chart listing the eleven loans, their amounts and approval dates, which board members approved them, and their alleged deficiencies. For example, the PQH Transaction's deficiencies are alleged to be (i) insufficient documentation or analysis relating to financial condition of borrower or guarantor, (ii) over-reliance on income/sales from completed development as primary repayment source, (iii) over-reliance on real estate collateral, and (iv) a loan-to-value violation. Doc. 1-1. Defendants argue that the FDIC must allege the name of each borrower, the nature of each loan, and what allegedly went wrong with Defendants' approval process for each loan. Further, Defendants argue that Count II should be dismissed or the FDIC should be required to make a more definite statement because all of the Defendants are lumped together in the allegations.

The Eleventh Circuit has stated that "[w]hen multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). However, there are cases in which Florida district courts have required repleading of claims that group defendants together. In *George & Co., LLC v. Alibaba.com, Inc.*, No. 2:10-cv-719, 2011 WL 6181940, at * 2 (M.D. Fla. Dec. 13, 2011), the district court held that

> [a]lthough a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement.

*George & Co., LLC v. Alibaba.com, Inc.*, 2:10-CV-719-FTM-29, 2011 WL 6181940 (M.D. Fla. Dec. 13, 2011) (internal citations omitted). In another case involving the FDIC acting as a receiver, a Georgia district court relied on *George* to, "in the interest of caution . . . exercise[] its discretion to order that the FDIC-R replead the allegations of its Complaint to provide specific allegations as to each Defendant's involvement or responsibility for the alleged wrongs, decisions, approvals, transactions, and loans referenced in the original Complaint." *F.D.I.C. v. Briscoe*, No. 1:11-cv-2303-SCJ, ECF 35 at 19 (N.D. Ga. Aug. 14, 2012). However, I find that Exhibit A to the Complaint, which is the chart listing the eleven loans, their amounts and approval dates, which board members approved them, and their alleged deficiencies, is not only sufficient, but actually a very efficient way to present the allegations against each Defendant without requiring dozens of paragraphs of repetitive legalese. Defendants are on notice of the allegations against them, including which Defendants are charged with specific types of misconduct for each specific transaction at issue. The identities of the borrowers and guarantors, identified only by initials in Exhibit A, will be disclosed to Defendants during discovery, as the FDIC is prohibited by law from making this personal information public.

Defendants argue that Count II should be dismissed because it fails to state a claim for gross negligence. For this argument they rely on the business judgment rule as interpreted by Delaware courts. However, in Florida, gross negligence is the failure to exercise "slight care" in circumstances likely to result in injury. *Farrell v. Fisher*, 578 So. 2d 407, 409 (Fla. Dist. Ct. App. 1991). The Complaint's factual allegations state a plausible claim for gross negligence under Florida law. The Complaint does not contain merely a formulaic recitation of the elements of a gross negligence cause of action. Rather than alleging that Defendants failed to exercise slight care in approving the loans which was likely to result in injury, the FDIC alleges, among other things, that:

- Defendants pursued a speculative, high-risk growth strategy despite having been warned by regulators to curb overconcentration.

- Some of the approved transactions violated the bank's own concentration limits as well as regulatory guidelines.

- Transactions were approved despite chronic underwriting and appraisal deficiencies.

- Defendants approved transaction without analyzing whether borrowers had the ability to repay and without meaningful deliberation.

These allegations state a plausible claim for gross negligence under Florida law.

Finally, Defendants argue that the entire Complaint should be dismissed because the FDIC did not properly allege that Defendants' acts or omissions were the proximate cause of Peoples First's losses. In the Complaint, the FDIC alleges that "[a]s a direct and

proximate result of the Defendants' grossly negligent actions and omissions . . . the FDIC-R, as Receiver for Peoples, seeks damages caused thereby, the exact amount to be proven at trial."  Doc. 1 ¶ 74.  Defendants point out that the FDIC does not allege that the borrowers defaulted on the eleven loans or in what manner Peoples First was harmed.  What the FDIC does allege is that "[d]ue to the deficient underwriting allowed by the Defendants in approving transactions, . . . Peoples was fatally exposed to the inevitable cyclical decline in real estate values. . . . The Defendants had failed to take necessary and timely actions to improve the Bank's financial condition, and Peoples failed on December 18, 2009."  Doc. 1 ¶ 32.  Exhibit A lists the "credit amount" of each transaction, but it is unclear if the credit amounts are the same as the alleged loss amounts.  Defendants argue that the FDIC should be required to separate in its Complaint losses caused by Defendants' alleged gross negligence and losses caused by the collapse of the Florida real estate market.  While I do not agree with this contention, I do agree that the FDIC needs to make a more definite statement concerning causation, namely the manner in which the bank sustained loss.

## Conclusion

1. Defendants' Motion to Dismiss, Strike, or for More Definite Statement (Doc. 3) is **GRANTED in part** and **DENIED in part**.
2. Count I is **DISMISSED with prejudice** as to all Defendants except Defendant Powell.  Count II remains.
3. Defendants' motion to strike allegations of ordinary negligence is **DENIED.**

4. Defendants' motion for more definite statement is **GRANTED** as to causation. The FDIC shall file an Amended Complaint including the more definite statement regarding causation not later than May 29, 2013.

**ORDERED** on May 15, 2013.

                                      /S/ Richard Smoak
                                      **RICHARD SMOAK**
                                      **UNITED STATES DISTRICT JUDGE**