IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Peoples First Community Bank,

       Plaintiff,

v.                              CASE NO. 5:12-cv-00398-RS -GRJ

GREG M. BRUDNICKI, JOSEPH
F. CHAPMAN, III, HENRY CLAYTON
FUTRELL, PHILIP W. GRIFFITTS,
JOHN ROBERT MIDDLEMAS, JR.,
RODNEY C. MORRIS, RAYMOND
E. POWELL, and JOHN STEPHEN
WILSON, II,

       Defendants.

_____/

# O R D E R

Pending before the Court are: (1) Defendants' Motion to Compel Rule 30(b)(6)
Deposition of Plaintiff, Doc. 43; and (2) FDIC-R's Motion For Protective Order And
Partial Stay Concerning Defendants' Notice of Rule 30(b)(6) Deposition. Doc. 56.
Plaintiff and Defendants have filed responses to the motions. Docs. 52 & 57 and
therefore the motions are ripe for review.[1]

---

[1] Plaintiff also filed the following motions: (1) Plaintiffs' Motion for Telephonic Hearing, Doc. 54;
and (2) Plaintiff's Motion For Leave to File Sealed Documents. Doc. 53. Because the Court has resolved
the motion to compel and the motion for protective order without the need for a hearing, Plaintiffs' Motion
for Telephonic Hearing is due to be denied as moot. With regard to Plaintiff's Motion for Leave to File
Sealed Documents, the Plaintiff has demonstrated good cause for filing the documents under seal. The
answers to interrogatories contain personal financial information relating to third parties and therefore the
interest in keeping these documents confidential outweighs the public's interest in disclosure. Defendants
do not oppose the motion. The motion is, therefore, due to be granted.

## DISCUSSION

The claims in this case relate to the alleged misconduct of Defendants in approving eleven credit transactions during the time they served as directors and officers of Peoples First Community Bank ("Peoples"), a failed bank. The Plaintiff in this case is the FDIC, as a receiver for Peoples. The dispute before the Court relates to Defendants' effort to conduct a Rule 30(b)(6) deposition of a representative of the FDIC, as receiver. The FDIC has agreed to produce witnesses for depositions pursuant to 30(b)(6) concerning the factual basis for the FDIC's damages calculations but has objected to a 30(b)(6) deposition concerning the other subject areas listed in Defendants' notice of deposition. Plaintiff objects on the grounds that the FDIC, as receiver, does not have any first-hand or personal knowledge of the activities of the failed bank or of any events occurring at the failed bank prior to the appointment of the FDIC as receiver.  According to the Plaintiff, its knowledge is limited to the information it inherited upon the failure of Peoples, most of which is contained in the documents, already provided to Defendants. The FDIC says that the factual information, which Defendants seek, is available from fact witnesses, such as former bank employees, and not from the FDIC, which would have to create a witness if it was required to produce a witness with knowledge of all of the topics of inquiry listed in the deposition notice. Because Plaintiff objects, Defendants have filed a motion to compel requesting the Court to enter an order compelling the FDIC to appear for deposition and testify about the topics listed in the notice of deposition. Defendants also request authorization to

conduct the deposition during the course of two days, rather than being limited to a one day session of seven hours, as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff opposes the motion to compel and has filed a motion for protective order requesting the Court to limit the deposition to seven hours and to limit the areas of inquiry to its damages calculation, or alternatively if the Court authorizes inquiry beyond damages, that the Court limit the areas of inquiry listed on Defendants' notice of deposition.

Although the Court has pending before it a motion to compel and a motion for protective order, objecting to the areas of inquiry before the deposition is conducted is not how the Rule was designed to operate. As an initial matter the rule does not limit what can be asked of a designated witness at a deposition. *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995). "The reason for adopting Rule 30(b)(6) was not to provide greater notice or protections to corporate deponents, but rather to have the right person present at the deposition." *Id.*

The proper operation of the rule does not require a process of objection and Court intervention prior to the deposition regarding disputed topic designations. *New World Network Ltd. v. M/V Norwegian Sea*, 2007 WL 1068124, *3 (S.D. Fla. April 6, 2007).  Instead, the process should be extrajudicial by way of the corporate deponent objecting to the designation topics by notice to the requesting party - as Plaintiff did in this case. The requesting party then has the obligation to reconsider the topics, narrow the scope of the topics or remain firm in its position and "seek to compel additional

answers if necessary, *following the deposition*." *Id.*  Thus, Defendants in this case simply should have proceeded with the deposition and then after the deposition if there were disputes regarding any privilege objections raised during the deposition or objections regarding the scope, the Court could then have addressed the issues either through a motion to compel or through a motion for protective order with the benefit of the transcript containing questions and answers (or objections of privilege based upon specific questions). Thus, Plaintiff's request to limit the areas of examination before the deposition has taken place on the grounds of scope or relevancy and Defendants' request to compel examination on all of the topics listed in the notice of deposition are premature

In any event, however, the parties instead have brought to the Court's attention the issue of the scope of the Rule 30(b)(6) deposition through their motion to compel and motion for protective order and, therefore, the Court will attempt to resolve the issue, as best as possible, without the benefit of a transcript. The Court fully recognizes that due to the nature of this case and the broad scope of the areas of inquiry listed in Defendants' notice the Plaintiff would be required to spend much more time preparing witnesses compared to the time it would take to prepare a witness if examination was limited to the FDIC damages calculations. Thus, even though the Rule is designed to operate without court intervention before the deposition takes place, as a practical matter resolution of these issues before the deposition takes place will assist Defendants regarding the scope of their preparation for the deposition and will greatly assist the Plaintiff with regard to the preparation of the witnesses for the deposition.

As a starting point, there is no question that Rule 30(b)(6) applies to a governmental entity, like the FDIC. The Rule does not provide the FDIC with an exemption from the Rule nor special considerations concerning the scope of discovery. *SEC v Kramer*, 78 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011); *SEC v Merkin*, 283 F.R.D. 689, 694 (S.D. Fla. 2012). The FDIC – apparently recognizing that it is not exempt from the Rule – argues that the deposition should be limited to the FDIC's calculation of damages and the facts supporting the calculation.

While the FDIC's lack of personal knowledge of the pre-failure events occurring at the failed bank does not relieve the FDIC of its obligations to designate and produce a Rule 30(b)(6) deponent, the FDIC's lack of pre-failure involvement with the failed bank does bear upon the reasonableness of the scope of discovery requested by Defendants. *FDIC v Wachovia Insurance Services, Inc.*, 2007 WL 2460685 * 3 (D. Conn. Aug. 27, 2007). With this principle in mind the Court will examine the topics of inquiry listed by Defendants in the notice of deposition[2] and determine which topics, if any, are overly broad or otherwise would impose such an undue burden upon the FDIC that Defendants should be required to obtain the information through another form of discovery.

Topics 1 and 2 of the notice require the FDIC to produce a person to testify about the factual basis for the FDIC's responses to interrogatories and the factual basis for "any failure by Defendants to act with the requisite care in approving the Loans."

---

[2] Although the parties have been discussing the topics for inquiry since at least August 2013 the topics of inquiry upon which examination is requested are listed in Defendants' Notice of Rule 30(b)(6) Videotape Deposition of Federal Deposit Insurance Corporation As Receiver For Peoples First Community Bank. Doc. 56, Ex. A.

Topic 3 of the notice requires a witness to testify about the policies and procedures that were not followed by the Defendants. Topic 4 requires a witness to testify about warnings from governmental authorities that Defendants failed to comply with in the approval of the Loans. Lastly, topic 5 requires a witness to testify concerning communications received by the Defendants warning about the lending practices that the failed bank used in approving loans. Plaintiff complains that these topics are redundant of the information provided in answers to contention interrogatories and call for disclosure of expert opinions and not facts.

As a general matter, because answers to interrogatories are usually prepared with the close assistance of counsel, interrogatories normally are used to learn the contentions of a party rather than a Rule 30(b)(6) deposition. *See, United States v Taylor*, 166 F.R.D. 356, 362 n. 7 (M.D. N.C. 1996), *aff'd,* 166 F.R.D. 367 (M.D. N.C. 1996). Defendants here have done just that. Defendants now seek to make further inquiry into the FDIC's responses to Defendants' contention interrogatories. In the Court's view that is not redundant. While the decision to limit a party to obtaining information through contention interrogatories or through a Rule 30(b)(6) deposition (or both) must be made on a case by case basis, *Taylor, id.,*[3] the ability to question, probe and obtain elucidation of an answer to a contention interrogatory is a process that provides a means to obtain more complete information. *Ieradi v. Lorillard, Inc.*, 1991 WL 158911 at *1 (E.D. Pa. Aug. 13,1991). The representative of the FDIC, who

---

[3] Compare *Marker v Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, 126 (M.D. N.C. 1989)(authorizing use of 30(b)(6) deposition) with *SmithKline Beecham Corp. V Apotex Corp.*, 2004 WL 739959 (E.D. Pa. 2004)(authorizing discovery of certain topics through contention interrogatories and other discovery topics through a Rule 30(b)(6) witness.)

executed the answers to interrogatories, certainly has sufficient knowledge regarding the responses, since he executed the answers under oath. Fairness dictates that Defendants should be permitted to question the FDIC's representative about those answers. It may very well be the case that the extent of the representative's knowledge goes no further than the information in the answer. If that is the case – and there is nothing more to add – the Defendants ought to be entitled to find that out in a Rule 30(b)(6) deposition. That does not mean, however, that the FDIC is required to undertake an exhaustive investigation to obtain information that it does not know and does not have access to because of its lack of involvement with the failed bank.

The Rule 30(b)(6) witness also is not required to provide expert testimony but only facts – reasonably available to the FDIC – in answering the deposition questions. The Rule 30(b)(6) witness is not required to be prepared to explain the expert opinions and conclusions about how and why Defendants' behavior may have fallen below the standard of care for bank directors and officers but only any facts which the FDIC is aware that support this view.

Lastly, as a general matter requesting information about facts that support a claim does not necessarily invade the work product privilege or the attorney-client privilege. But, as discussed above, the proper mechanism for making these determinations is *after* the deposition has been conducted and the Court has the benefit of a transcript of questions and answers. Counsel is free to raise any appropriate objections on the basis of privilege during the deposition and the Court, if requested to do so, can then determine whether the question calls for the production of

privileged information. The Court cannot do so at this juncture based upon speculation as to what questions will be asked. At this juncture, however, simply because counsel may be required to prepare the witness for the deposition does not mean that work product or attorney-client privileged information will be elicited.

In sum, the Defendants are permitted to proceed with the Rule 30(b)(6) deposition with regard to the matters for examination identified in topics 1-5.

The Court's view is different, however, as to topics 6 and 10, which call for a witness to testify about the documents and witnesses referred to in the FDIC's Rule 26 initial disclosures. The documents produced and witnesses identified in Plaintiff's Rule 26 disclosures were by necessity prepared and gathered by counsel and to this extent would contain the mental impressions of counsel. The Court can discern of no reason why it would be necessary to question a 30(b)(6) witness about these disclosures. By way of example, while it may be appropriate to question a witness as to whether he reviewed documents before a deposition it is not proper to ask the witness what documents were shared with the witness by counsel before the deposition because the selection of which documents are most important would disclose the mental impressions of counsel, at least the information counsel believed to be the most critical. The same reasoning applies with regard to the Rule 26 initial disclosures. Accordingly, the Court determines that topics 6 and 10 are not calculated to lead to the discovery of admissible evidence and, therefore, Plaintiff's motion for protective order as to these topics is due to be granted. Plaintiff is not required to produce a person to testify about topics 6 and 10.

With regard to topic 11, listed in the matters for examination of the notice of deposition, the request requires a witness to testify about statements, transcripts and interview notes provided to or obtained by the FDIC that refer to Peoples, the Defendants or the eleven loans at issue. Generally, the work product doctrine protects witness statements and personal work papers created by FDIC investigators and counsel in preparing receivership claims. *FDIC v Cherrry, Bekaert & Holland*, 131 F.R.D. 596, 604-605 (M.D. Fla. 1990). To this extent the topic would appear to request testimony about the investigation of the failed bank, which information may be privileged. On the other hand, the questions may call for the disclosure of relevant and non-privileged information concerning the eleven loans that are the subject of this action. At this juncture, however, without the benefit of specific questions and objections the Court cannot determine *before* the deposition has been conducted whether answers to the questions would require the disclosure of work-product or possibly attorney-client privileged information.  Therefore, to the extent that Plaintiff requests the entry of a protective order prohibiting questioning on this topic because the information is privileged, the motion for protective order is due to be denied. Plaintiff may raise all appropriate objections based upon privilege at the deposition and the Court can then, if necessary, resolve after the deposition has been completed whether any questions call for the disclosure of privileged information.

Lastly, with regard to topics 7 and 9 and 8.d., a witness would be required to testify about the efforts made by the FDIC to maximize collection on the eleven loans and the arrangements made between the FDIC and Hancock Bank regarding the

disposition of the assets of Peoples. These topics of inquiry relate to matters, which are irrelevant to this case under the "no-duty" rule.  The FDIC, as receiver, is charged with maximizing recovery to the Deposit Insurance Fund in its decisions concerning the disposition of the assets of the failed bank. As such, information concerning the efforts, or lack thereof, that were made to collect on the loans involved in this case or information concerning the arrangements with Hancock Bank would be irrelevant and immaterial to the issues in this case and thus outside the scope of discoverable information.  Thus, even if there was an argument that the actions of the FDIC did not maximize the recovery on any of the eleven loans, the argument would be irrelevant because the focus of the FDIC under federal law is to maximize recovery for the Federal Deposit Insurance Fund from all of the assets of the failed bank.  That does not mean Defendants cannot inquire about the current status of the eleven loans and how the FDIC calculates damages in this case. And to the extent that damages are impacted by the terms of the Purchase and Assumption Agreement with Hancock Bank, this area of inquiry is fair game for questioning. Accordingly, Plaintiff's Motion for Protective Order is due to be granted as to topics 7, 8.d. and 9 listed in the notice of deposition.

Lastly, as to the length of time allotted for the deposition, Defendants request pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure that the Court allow more than seven hours for the deposition. Plaintiff opposes this request on the grounds that the deposition, if limited to just the calculation of damages, can be completed within seven hours. Rule 30(d)(1) provides that "[T]he court must allow additional time

consistent with Rule 26(b)(2) if needed to fairly examine the deponent .. " The claims in this case are substantial and raise serious claims of wrongdoing by former bank directors and officers. The Defendants should be allowed to explore fully the claims against them in this case and defend themselves. As discussed above, the scope of the Rule 30(b)(6) deposition will go beyond simply the calculation of damages. While a full seven day session may have been sufficient if the questioning was limited to just damages the examination will go beyond that thus necessitating additional time for the examination.

The Court, therefore, concludes that in order for Defendants to examine fairly the Rule 30(b)(6) deponent Defendants should be granted additional time to do so. Accordingly, the Defendants are authorized to examine the deponent in two sessions of no more than seven hours each.

The deposition has been noticed for November 13 and 14, 2013. Although Plaintiff contends that conducting the deposition on those dates would not allow sufficient time for the deponent to prepare the Court disagrees. Defendants' motion to compel has been pending since October 4, 2013.  Plaintiff's representatives executed the answers to Defendants' contention interrogatories on August 12, 2013. Consequently, the preparation for the Rule 30(b)(6) deposition is not starting on a blank slate. Moreover, there are more than two weeks remaining to prepare the deponent for the deposition. In the Court's view that should be more than sufficient time to prepare. Accordingly, to the extent that Plaintiff requests the Court to enter an order further delaying the deposition, Plaintiff's request is due to be denied.

Accordingly, upon due consideration, it is **ORDERED**:

1.    Defendants' Motion to Compel Rule 30(b)(6) Deposition of Plaintiff, Doc. 43, is **GRANTED in part and DENIED in part**, as detailed in this Order.

2.    FDIC-R's Motion For Protective Order And Partial Stay Concerning Defendants' Notice of Rule 30(b)(6) Deposition, Doc. 56, is **GRANTED in part and DENIED in part** as detailed in this Order.

3.    Plaintiff's Motion For Leave To File Sealed Documents, Doc. 53, is **GRANTED**.

4.    Plaintiff's Motion For Telephonic Hearing, Doc. 54, is **DENIED as moot**.

 **DONE AND ORDERED** this 29th day of October 2013.


*s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge